IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:25-cv-10043-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carl Morris, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On March 2, 2026, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without issuance and service of process, and without leave to amend. ECF No. 6. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections and a letter.[1] ECF Nos. 8, 10.

---

[1] The Court has reviewed the letter and finds it should not be considered as objections.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends dismissal because Plaintiff has failed to state a plausible conditions of confinement claim and portions of the complaint are frivolous. ECF No. 6. He states he is being unlawfully held at the Detention Center, that he is being denied access to electronic filing, that Captain Norris threatened him with Scotty Bodiford present, the bond court is violating federal and state law, and that he is being denied access to his mail. Further, he makes disparaging comments about Magistrate Judge

McDonald.  ECF No. 8.  Because Plaintiff filed objections, the Court review has been de novo.

Plaintiff's assertion that a Detention Center must release him after 72 hours has no basis in the law.  With respect to his allegation that he is being denied access to electronic filing, at this time, no pro se filer has access to the electronic filing within the District of South Carolina.  To the extent this should be liberally construed as a lack of access to courts claim, Plaintiff has demonstrated no actual injury or specific harm. *Straws v. Alexander*, No. 5:17-CV-02899-TMC, 2018 WL 4346873, at *2 (D.S.C. Sept. 12, 2018), *aff'd,* 755 F. App'x 323 (4th Cir. 2019).  With respect to Plaintiff's allegations that he has been threatened, these assertions fail to rise to the level of a constitutional violation.  *See Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C. 1990), *aff'd* 917 F.2d 1302 (4th Cir. 1990) (noting that "[w]ords by themselves do not state a constitutional claim, without regard to their nature" (internal citation omitted)).  As to Plaintiff's claims regarding the bond court, as noted in many of Plaintiff's cases, these claims are subject to res judicata.  Finally, Plaintiff's vague claim that mail has been withheld fails to state a constitutional violation.  *See Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995); *Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003), *aff'd* 88 F. App'x 639 (4th Cir. 2004).  As to any portion of the Report not specifically referenced

in this paragraph, the Court has reviewed it de novo and adopts the remainder of the Report.[2]

To the extent his objections should be liberally construed as objections to the Magistrate Judge's no serve order, the Court addresses that here.   The Magistrate Judge's order is non-dispositive.  Federal Rule of Civil Procedure 72(a) permits a party to submit objections/appeals to a magistrate judge's ruling on non-dispositive matters.  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law."). The objections/appeal must be filed and served within 14 days after being served a copy of the non-dispositive order.  *Id*.  Further, the Court's review is governed by the clearly erroneous or contrary to law standard of review.  *Id*.  Only if the decision is clearly erroneous or contrary to law may the district judge modify or set aside any portion of the decision.  *Id*.  A court's "finding is 'clearly

---

[2] To the extent any of Plaintiff's filings should be liberally construed as requesting recusal of the undersigned, that request is denied.  Recusal of federal judges is generally governed by 28 U.S.C. § 455.  Subsection (a) of § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003).  It appears that any request for recusal is solely based upon prior rulings in Plaintiff's various cases.  However, judicial rulings alone, "almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. U.S.*, 510 U.S. 540, 555 (U.S. 1994). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism." *Id.* Any such request, therefore, is insufficient as a matter of law to establish any basis for recusal and is denied.

erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948). The Court has reviewed the Magistrate Judge's order and Plaintiff's objections. Upon such review, the Court finds that the Magistrate Judge's order is neither clearly erroneous nor contrary to law. Accordingly, the objections are overruled.

## CONCLUSION

Accordingly, the Court agrees with the Report of the Magistrate Judge. This action is **DISMISSED** with prejudice, without issuance and service of process, and without leave to amend.

Plaintiff has established himself as a frequent filer in this Court. Therefore, any further filings in this case will be reviewed but will not receive a response unless one is deemed necessary by the undersigned or Magistrate Judge McDonald.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 22, 2026
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.